## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASHLEY WASHINGTON o/b/o A.W.** | **CIVIL ACTION** |
| **VERSUS** | **NO.  14-123** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER SOCIAL SECURITY ADMINISTRATION** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court are Plaintiff Ashley Washington's ("Plaintiff") objections[1] to the May 15, 2015 Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of Defendant the Acting Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") denying her claim on behalf of her daughter, A.W., for supplemental security income ("SSI") under Title II of the Social Security Act (the "Act").[3] The Magistrate Judge recommended that the Administrative Law Judge's ("ALJ") decision denying A.W. SSI be affirmed.[4] Plaintiff objects, arguing that "the Magistrate Judge's Report and Recommendation be declined, Plaintiff's objections to the Report and Recommendation be sustained, and benefits be granted to A.W."[5] Having considered Plaintiff's objections, the Magistrate Judge's Report and Recommendation, the record, and the applicable law, for the following reasons the Court will sustain Plaintiff's objections, reject the Magistrate Judge's Report and Recommendation and remand this case to the ALJ.

---

[1] Rec. Doc. 19.

[2] Rec. Doc. 15.

[3] Rec. Doc. 1.

[4] Rec. Doc. 18 at 11.

[5] Rec. Doc. 19-1 at 6.

# I. Background

## A. Procedural History

On June 20, 2012, Plaintiff filed an application for SSI under Title II of the Act,[6] alleging that her minor daughter A.W. was disabled due to Attention Deficit Hyperactivity Disorder ("ADHD") and Combined Type and Disruptive Behavior Disorder.[7] After her application was denied by the Commissioner, Plaintiff requested a hearing before an ALJ, which was held on June 11, 2013.[8] Plaintiff and A.W. testified at the administrative hearing.[9]

On June 19, 2013, the ALJ issued a decision denying Plaintiff's application for benefits.[10] The ALJ analyzed Plaintiff's claim pursuant to the three-step sequential evaluation process used to determine whether an individual under the age of 18 is disabled.[11] At step one, the ALJ held that A.W. has never engaged in substantial gainful activity.[12] At step two, the ALJ concluded that A.W. has the following severe impairments: (1) ADHD; and (2) conduct disorder.[13] At step three, the ALJ held that A.W. does not have an impairment or combination of impairments that meets or medically equals the severity of the impairment listed at Listing 112.11 of the disability regulations, which is

---

[6] 42 U.S.C. § 1381.

[7] Adm. Rec. at 90–95.

[8] *Id.* at 67–69.

[9] *Id.* at 27.

[10] *Id.* at 7–25.

[11] "For a child to be disabled under the meaning of the Act, the child must: (1) not be engaged in substantial gainful activity; (2) have an impairment that is 'severe'; and (3) have an impairment that 'meets, medically equals, or functionally equals' the impairments listed in the disability regulations." *Richard ex rel. Z.N.F. v. Astrue*, 480 F. App'x 773, 776 (citing 20 C.F.R. § 416.924(a)–(d)).

[12] Adm. Rec. at 13.

[13] *Id.*

the listing for ADHD.[14] The ALJ did not provide specific reasons why A.W.'s impairments do not meet or medically equal the severity of the impairment listed at Listing 112.11.[15]

 At step three, the ALJ also considered six functional equivalence domains and determined that A.W. did not have an impairment or combination of impairments that functionally equals the severity of the listing.[16] The ALJ determined that A.W. has a marked limitation in the "interacting and relating with others" domain, but found a "less than marked" limitation or no limitation in each of the other domains.[17] Therefore, the ALJ concluded that A.W. was not disabled as defined by the Act.[18]

 The ALJ's decision became the final decision of the Commissioner for purposes of this Court's review after the Appeals Council denied review on November 12, 2013.[19] On January 16, 2014, Plaintiff filed a complaint seeking judicial review pursuant to Section 405(g) of the Act,[20] and this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B). On July 22, 2014, the Commissioner answered the complaint.[21]

---

[14] *Id.*

[15] *Id.*

[16] *Id.* The six functional equivalence domains considered: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for herself; and (6) health and physical well-being. *Id.* at 15–22.

[17] Adm. Rec. at 15–22.

[18] *Id.* at 22.

[19] *Id.* at 1–4.

[20] Rec. Doc. 1.

[21] Rec. Doc. 12.

On September 30, 2014, Plaintiff filed a "Brief in Support of Judicial Review."[22] First, Plaintiff argued that the ALJ erred in determining that A.W.'s impairments do not meet or medically equal the severity of the impairment listed at Listing 112.11.[23] Specifically, Plaintiff asserted that A.W. has marked impairments in age appropriate social-functioning and marked difficulties in maintaining concentration, persistence or pace.[24] Second, Plaintiff argued that the ALJ erred in finding that A.W.'s impairments do not functionally equal a listed impairment.[25] Specifically, Plaintiff asserted that A.W. has a marked limitation in the attending and completing tasks domain.[26]

On November 12, 2014, the Commissioner filed a reply brief arguing: (1) substantial evidence supports the ALJ's finding that A.W.'s impairments did not meet or medically equal the severity of the impairment listed at Listing 112.11; and (2) substantial evidence supports the ALJ's finding that A.W. did not have impairments that functionally equal a listed impairment.[27]

**B. Report and Recommendation Findings**

The Magistrate Judge issued her Report and Recommendation on May 15, 2015.[28] Addressing Plaintiff's argument that A.W.'s impairments do not meet or medically equal the severity of the impairment listed at Listing 112.11, the Magistrate Judge noted that to meet the listing requirements, an individual must present medically documented findings of marked

---

[22] Rec. Doc. 16.

[23] *Id.* at 3–5.

[24] *Id.* at 3.

[25] *Id.* at 5–6.

[26] *Id.*

[27] Rec. Doc. 17.

[28] Rec. Doc. 18.

inattention, marked impulsiveness, and marked hyperactivity.[29] She noted that an individual over the age of three and under the age of 18 must also display two of the following criteria: (1) marked impairment in age-appropriate cognitive/communicative function; (2) marked impairment in age-appropriate social functioning; (3) marked impairment in age-appropriate personal functioning; and (4) marked difficulties in maintaining concentration, persistence and pace.[30]

First, the Magistrate Judge addressed A.W.'s cognitive/communicative function.[31] The Magistrate Judge noted that "the evidence of record of A.W.'s cognitive/communicative function consists of her report card for 2011-2012, a Function Report and the report from her psychiatrist."[32] After reviewing the record evidence, the Magistrate Judge found that substantial evidence supported a finding that A.W.'s cognitive/communicative function was limited but not to a marked degree.[33]

Next, the Magistrate Judge addressed Plaintiff's argument that A.W.'s limitation in social functioning rises to the level of a marked degree.[34] After reviewing the record evidence, the Magistrate Judge found that substantial evidence supported a finding that A.W.'s social functioning was limited but not to a marked degree.[35] The Magistrate Judge noted that "the cumulative impact of [A.W.'s] social limitations exist largely in the school environment," and "[o]utside of school, there is little evidence that would suggest that her social functioning could rise to the level of a

---

[29] *Id.* at 5 (citing 20 C.F.R. § 404, Subpt. P, App. 1).

[30] *Id.* (citing 20 C.F.R. § 404, Subpt. P, App. 1).

[31] *Id.* at 7. The Court notes that Plaintiff did not specifically raise A.W.'s cognitive/communicative function as an issue.

[32] *Id.*

[33] *Id.* at 7–8.

[34] *Id.* at 9–10.

[35] *Id.*

marked limitation indicated by her ability to play organized sports and make friends."[36]

Finally, the Magistrate Judge addressed Plaintiff's argument that substantial evidence supports a finding that A.W.'s limitations in concentration, persistence and pace do not rise to the level of a marked degree.[37]  The Magistrate Judge noted that A.W. was given a Global Assessment Function Score of 58-60, which suggests moderate difficulty in social, occupational or school functioning.[38] Accordingly, the Magistrate Judge found that substantial evidence supported a finding that A.W.'s concentration, persistence and pace were limited but not to a marked degree.[39]

The Magistrate Judge did not specifically address Plaintiff's argument that the ALJ erred in finding that A.W.'s impairments do not functionally equal a listed impairment.

## II. Objections

### A. Plaintiff's Objections

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on May 29, 2015.[40] Plaintiff argues that the Magistrate Judge erred in finding that the opinion of the ALJ was supported by substantial evidence.[41]  Specifically, Plaintiff contends that substantial evidence did not support the ALJ's finding: (1) that A.W.'s impairments did not meet or medically equal Listing 112.11;[42] and (2) that A.W. was not functionally equivalent to the listing because she

---

[36] *Id.* at 10.

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] Rec. Doc. 19.

[41] Rec. Doc. 19-1 at 1.

[42] *Id.* at 1, 3.

was not markedly limited in attending and completing tasks.[43] Accordingly, she asserts that "this Court should decline to adopt the Magistrate's Report and Recommendation, sustain Plaintiff's objection to the Report and Recommendation, and award benefits to A.W."[44]

### 1. Whether Substantial Evidence Supports ALJ's Determination that A.W.'s Impairments do not Meet or Medically Equal the Criteria of Listing 112.11

Plaintiff asserts that the Magistrate Judge erred in finding that substantial evidence supported the ALJ's finding that A.W.'s impairments do not meet Listing 112.11.[45] She contends that both A.W.'s treating physician and the physician hired by SSA noted that A.W. displays inattention, impulsiveness and hyperactivity.[46] Plaintiff argues that A.W. "takes medication for her ADHD, but this has not improved her condition."[47]

Plaintiff asserts that A.W.'s ADHD causes her to "experience marked impairments in her age appropriate social functioning."[48] Plaintiff points to A.W.'s school records, which she asserts indicate that A.W. "does not function appropriately with other children and does not respect adults in authority."[49] Additionally, Plaintiff asserts that "A.W.'s ADHD causes a marked limitation in her ability to maintain concentration, persistence, and pace."[50] Plaintiff notes that A.W. has undergone

---

[43] *Id.* at 1, 5.

[44] *Id.* at 1.

[45] *Id.* at 1, 3.

[46] *Id.* at 3 (citing Adm. Rec. at 150, 184).

[47] *Id.* (citing Adm. Rec. at 36).

[48] *Id.*

[49] *Id.* (citing Adm. Rec. at 38, 189, 192, 194).

[50] *Id.* at 4.

testing, which revealed problems with inattention.[51] According to Plaintiff, the ALJ noted that A.W. is unable to keep herself busy, finish things she starts, work on arts and crafts projects, and complete her homework.[52] However, Plaintiff asserts that the Magistrate Judge cited A.W.'s Global Assessment of Functioning, finding that it indicated that A.W. could finish things she starts, work on arts and craft projects, and complete her homework.[53] Plaintiff contends that the Magistrate Judge failed to explain this discrepancy.[54] Plaintiff asserts that her testimony that A.W. enjoys reading books, magazines, and playing video games, is the only evidence presented to indicate that the ALJ's decision was supported by substantial evidence.[55] Therefore, Plaintiff contends that "A.W. experiences a marked limitation in her ability to maintain concentration, persistence, and pace."[56]

### 2. Whether Substantial Evidence Supports the ALJ's Determination that A.W.'s Impairments do not Functionally Equal the Listing Requirements

Plaintiff contends that the Magistrate Judge erred in finding that substantial evidence supported the ALJ's finding that A.W.'s impairments do not functionally equal the listing requirements.[57] Plaintiff asserts that the evidence supports a finding that A.W. displays marked limitations in attending and completing tasks.[58] She points to A.W.'s educational record and Plaintiff's own testimony that A.W. cannot complete chores or be taken into public without

---

[51] *Id.* (citing Adm. Rec. at 148–49).

[52] *Id.* (citing Adm. Rec. at 17).

[53] *Id.* (citing Rec. Doc. 18 at 10).

[54] *Id.*

[55] *Id.* (citing Adm. Rec. at 7).

[56] *Id.* at 4.

[57] *Id.* at 1, 3. The Court notes that the Report and Recommendation does not specifically address this issue.

[58] *Id.* at 5.

numerous reminders to behave.[59] She also notes that A.W.'s cognitive testing, reports from the treating physician, and reports from the physician hired by SSA indicate that A.W. has problems with inattention.[60] Plaintiff asserts that "ample evidence shows that A.W. does experience a marked limitation in maintaining concentration, completing tasks on time, and finishing what she starts."[61]

## B. The Commissioner's Response

The Commissioner did not file a brief in opposition to Plaintiff's objections despite receiving electronic notice of the filing posted on May 29, 2015.

### III. Standard of Review

## A. Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[62] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[63] A District Court's review is limited to plain error of parts of the report which are not properly objected to.[64]

## B. Standard of Review of Commissioner's Final Decision on SSI Benefits

Under 42 U.S.C. § 405(g) the district court has the power to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without

---

[59] *Id.* (citing Adm. Rec. at 189–95, 40–41).

[60] *Id.* (citing Adm. Rec. at 148–48, 150, 184).

[61] *Id.* at 6

[62] FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[63] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[64] *Id.*

remanding the cause for a rehearing."[65] Appellate review of the Commissioner's denial of SSI is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence.[66] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[67] The Court must review the whole record to determine if such evidence exists.[68] However, the district court cannot "reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's."[69] The ALJ is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.[70] A court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [the claimaint's] age, education, and work history."[71]

## IV. Law and Analysis

### A.  Law Applicable to Qualification for SSI for Children Under Age 18

For a child under the age of  18, the Act defines disability as "a medically determinable

---

[65] 42 U.S.C. § 405(g).

[66] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Waters v. Barnhart*, 276 F.3d 716, 716 (5th Cir. 2002); *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).

[67] *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Perez*, 415 F.3d at 461; *Loza*, 219 F.3d at 393; *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983); *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992)).

[68] *Singletary v. Bowen*, 798 F.2d 818, 822-23 (5th Cir. 1986).

[69] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

[70] *See Arkansas v. Oklahoma*, 503 U.S. 91 (1992).

[71] *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[72] "For a child to be disabled under the meaning of the Act, the child must: (1) not be engaged in substantial gainful activity; (2) have an impairment that is 'severe'; and (3) have an impairment that 'meets, medically equals, or functionally equals' the impairments listed in the disability regulations."[73]

Here, the ALJ found that A.W. satisfied the first two steps of this analysis as she has never engaged in substantial gainful activity, and she has the following severe impairment's: ADHD and conduct disorder.[74] At step three of the analysis, the ALJ found that A.W.'s impairments did not met or medically equal Listing 112.11, which is the listing for ADHD.[75] Further, the ALJ found that A.W.'s impairments did not functionally equal the listing requirements.[76]

A child meets the required level of severity for ADHD where there are "medically documented" findings of each of the following: (1) marked inattention; (2) marked impulsiveness; and (3) marked hyperactivity.[77] Children between the age of three and 18 must also display at least two of the following "appropriate age-group criteria:"

a. Marked impairment in age-appropriate cognitive/communicative function . . . ; or

b. Marked impairment in age-appropriate social functioning . . . ; or

---

[72] 42 U.S.C. § 1382c(a)(3)(C)(i).

[73] *Richard ex rel. Z.N.F. v. Astrue*, 480 F. App'x 773, 776 (5th Cir. 2012) (citing 20 C.F.R. § 416.924(a)-(d)).

[74] Adm. Rec. at 13.

[75] *Id.*

[76] *Id.*

[77] 20 C.F.R. § 404, Subpt. P, App. 1 § 112.11.

11

c. Marked impairment in age-appropriate personal functioning . . . ; or

d. Marked difficulties in maintaining concentration, persistence, or pace.[78]

The regulations define "marked" as "more than moderate but less than extreme."[79] "A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with the ability to function (based upon age-appropriate expectations) independently, appropriately, effectively, and on a sustained basis."[80]

In the instant case, the ALJ found that A.W. "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments."[81] The ALJ noted that he had considered Listing 112.11.[82] The ALJ found that "the medical evidence does not establish the specific criteria for this listing, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination."[83] The ALJ made no other findings with respect to whether A.W.'s impairments meet or medically equal the listing.[84] Instead, the ALJ moved to the next step of the analysis, determining whether A.W.'s impairments functionally equal the listing.

Pursuant to 20 C.F.R. § 416.924(a)-(d), if the child's impairment does not medically meet

---

[78] 20 C.F.R. § 404, Subpt. P, App. 1 § 112.02(B)(2).

[79] 20 C.F.R. § 404, Subpt. P, App. 1 § 112.00(C).

[80] *Id.*

[81] Adm. Rec. at 14.

[82] *Id.*

[83] *Id.*

[84] *Id.*

the listing, the ALJ must assess the child's functioning in the following six domains: "(1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects (or 'motor skills domain'); (5) caring for oneself; and (6) health and physical well-being."[85] The child's impairment functionally equals the listing if the ALJ determines that the child's "impairment results in a 'marked' limitation in two, or an 'extreme' limitation in one" of the domains.[86]

The ALJ determined that A.W. has a marked limitation in "interacting and relating with others," but found a "less than marked" limitation or no limitation in each of the other domains.[87] Specifically, the ALJ found that A.W.'s limitations were less than marked in: (1) acquiring and using information; (2) attending and completing tasks; and (3) caring for herself.[88] The ALJ found that A.W. had no limitation in: (1) moving about and manipulating objects; and (2) health and physical well-being.[89] At this step, the ALJ provided some analysis of his reasoning.[90] Accordingly, because the ALJ determined that A.W.'s impairment resulted in a marked limitation in only one of the domains, the ALJ found that A.W. was not disabled as defined by the Act.[91]

### B. Analysis

Plaintiff argues that substantial evidence does not support the ALJ's findings that A.W.'s

---

[85] *Richard*, 480 F. App'x at 777 (citing 20 C.F.R. § 416.926a(b)(1), (d)).

[86] *Id.*

[87] Adm. Rec. at 15–22.

[88] *Id.*

[89] *Id.*

[90] *Id.*

[91] *Id.* at 22.

impairments do not meet or medically equal Listing 112.11. Specifically, Plaintiff asserts that there are medically documented findings of A.W.'s marked inattention, marked impulsiveness and marked hyperactivity. Further, Plaintiff contends that A.W. displays marked impairments in age appropriate social-functioning and marked difficulties in maintaining concentration persistence, or pace. As noted above, the ALJ's opinion summarily concluded that A.W.'s impairments do not meet or medically equal the severity of Listing 112.11. The ALJ's opinion made no specific findings on these issues raised by Plaintiff.

In *Audler v. Astrue*, the Fifth Circuit found that the "explicit terms" of the Act require that an ALJ "discuss the evidence offered in support of [the] claim for disability and to explain why [the ALJ]  found [the claimant] not to be disabled at that step."[92] The Court noted that "the ALJ is not required to do an exhaustive point-by-point discussion," but it is error for the ALJ to offer no evidence in support of a conclusion.[93] However, even if an ALJ erred in failing to state any reasons for an adverse determination, the reviewing court "must still determine whether this error was harmless."[94] "'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'"[95] There, the Fifth Circuit found that "[a]bsent some explanation from the ALJ to the contrary" the claimant appeared to have met her burden of demonstrating that she met the listing requirements, "and therefore her substantial rights were affected by the ALJ's failure to set out the bases for her decision at step three."[96] Accordingly, the

---

[92] *Audler v. Astrue*, 501 F.3d 446, 448 (2007).

[93] *Id.*

[94] *Id.* (citing *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 1988)).

[95] *Id.* (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)).

[96] *Id.* at 449.

14

Fifth Circuit remanded the case to the district court with directions to remand to the Commissioner for further proceedings.[97]

Here, Defendant recognizes that the ALJ's opinion does not include any analysis as to whether A.W.'s impairments meet or medically equal the severity of the listing.[98] However, Defendant asserts that the ALJ "conducted his analysis in connection with the six functional equivalent listings."[99] Therefore, Defendant appears to argue that the ALJ's failure to analyze whether A.W.'s impairments meet or medically equal the severity of the listing was harmless because the ALJ conducted an analysis of the six functional equivalent domains.

Courts have recognized that different methods are employed for determining whether an impairment meets or medically equals a listing as opposed to whether the impairment is functionally equivalent to a listing."[100] However, some courts have found a significant overlap between the two in the context of a childhood ADHD impairment."[101] In this case especially, there is significant overlap between the arguments Plaintiff makes with respect to the social functioning and "concentration, persistence and pace" criteria and the ALJ's determinations at the "interacting and relating with others" and "attending and completing tasks" domains. Accordingly, the Court will look to the ALJ's analysis of whether A.W.'s impairments are functionally equivalent to the listing in determining whether substantial evidence supports the ALJ's finding that her impairments do not

---

[97] *Id.*

[98] Rec. Doc. 17 at 6.

[99] *Id.*

[100] *Magee v. Astrue*, Civ. Action No. 09-620, 2011 WL 1126011, at 4 (S.D. Miss. Mar. 29, 2011).

[101] *Id.* (citing *Rossi v. Commissioner of Social Security*, Civ. Action No. 10-97, 2010 WL 5313771, at 5 n. 6 (N.D.N.Y. Dec. 2, 2010)).

meet or medically equal the listing.

Plaintiff argues that A.W. has developmentally inappropriate degrees of inattention, impulsiveness and hyperactivity as required by Listing 112.11.[102] Defendant makes no argument as to whether A.W. has developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity as required by Listing 112.11.[103] Both Dr. Kronberger, the consultative physician hired in this case, and A.W.'s treating physician found that she exhibited inattention, impulsiveness and hyperactivity.[104] Accordingly, because Defendant presents no evidence to contradict these medical opinions, the Court finds that there is substantial evidence to support a finding of marked inattention, marked impulsiveness and marked hyperactivity.

Plaintiff asserts that A.W. has marked difficulties in social functioning.[105] Defenant makes no argument as to whether A.W. has marked impairments in social functioning.[106] In addressing whether A.W.'s impairments are functionally equivalent to the listing, the ALJ found that A.W. "has marked limitation in interacting and relating with others."[107] The ALJ reviewed the record, finding that A.W. had "received disciplinary action for punching other students, spitting, refusing to follow instructions, cursing at school staff and throwing chairs."[108] Further, the ALJ noted that Dr.

---

[102] Rec. Doc. 16 at 2–3.

[103] *See* Rec. Doc. 17 at 6–8.

[104] Adm. Rec. at 150, 184.

[105] Rec. Doc. 16 at 3.

[106] *See* Rec. Doc. 17 at 6–8.

[107] Adm. Rec. at 18.

[108] *Id.* at 19.

Kronberger reported A.W. appearing uncomfortable and resistant during the assessment.[109] The ALJ also noted that Louisiana Behavioral Health Partnership records revealed that A.W. disrupted her classroom and bullied another student.[110] Based on this evidence and the finding of the ALJ that A.W. has marked limitation in interacting and relating with others, the Court finds that there is substantial evidence to support a finding that A.W. has marked impairments in social functioning.

Finally, Plaintiff asserts that A.W. has marked difficulties in maintaining concentration, persistence or pace.[111] Plaintiff points to the following evidence to support this assertion: (1) behavior reports which detail A.W.'s struggles in school;[112] (2) Plaintiff's testimony that A.W.'s teachers have complained about her impulsivity and her inability to stop herself from touching other students;[113] (3) Plaintiff's testimony that A.W. cannot complete chores and must be told more than once to do something;[114] and (4) A.W.'s testing revealed problems with inattention.[115] Defendant points to the following evidence to show that A.W. does not have marked difficulties in maintaining concentration, persistence or pace: (1) the Function Report wherein Plaintiff indicated that A.W. was able to keep herself busy, finish things she starts, work on arts and crafts projects, and complete her

---

[109] *Id.*

[110] *Id.*

[111] Rec. Doc. 16 at 3–4, Rec. Doc. 19 at 4.

[112] Adm. Rec. at 189–95.

[113] *Id.* at 39–40, 46.

[114] *Id.* at 40.

[115] *Id.* at 148–49.  Plaintiff also asserts that the ALJ noted that A.W. is unable to keep herself busy, finish things she starts, work on arts and crafts projects, and complete her homework. However, this assertion is a misstatement of the ALJ's opinion. The ALJ found that the June 2012 Function Report completed by Plaintiff indicated that A.W. "*is* able to keep herself busy, finish things she starts, work on arts and crafts projects and complete her homework. *Id.* at 17, 116.

homework;[116] (2) A.W. was given Global Assessment Function Scores of 58 and 60 on two different occasions, and both scores suggest moderate symptoms;[117] (3) during the evaluation with Dr. Kronberger where he found that A.W. appeared to be moderately inattentive on tasks, she had not taken her daily medication;[118] (4) Plaintiff testified that A.W. watched television and was able to play video games;[119] and (5) A.W. testified that she enjoys watching television and completes her homework and chores without much prompting from her mother.[120] Defendant notes that while A.W. has some limitations in her ability to maintain concentration, persistence, or pace, "the ALJ found that A.W. is able to focus on topics that interest her."[121]

The regulations explain that "as it applies to primary school children, the intent of the functional criterion described in paragraph B2d, i.e., deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner, is to identify the child who cannot adequately function in primary school because of a mental impairment."[122] As Plaintiff points out, the record includes behavioral reports which detail A.W.'s problems in school.[123] The ALJ considered these reports in assessing A.W.'s limitation in interacting with others.[124] However, he

---

[116] *Id.*

[117] *Id.* at 17, 180, 185.

[118] *Id.* at 183.

[119] *Id.* 40–41.

[120] *Id.* at 50–51.

[121] Rec. Doc. 17 at 8 (citing Adm. Rec. at 18).

[122] 20 C.F.R. § 404, Subpt. P, App. 1 § 112.00(C)(3).

[123] Adm. Rec. at 189–95.

[124] *Id.* at 18–19.

did not consider these reports in assessing A.W.'s limitation in attending and completing tasks.[125] The reports indicate that A.W. was removed from the classroom and placed in the "intervention room" on several occasions because of her inability to sit in her seat.[126] For example, on January 30, 2012, A.W. was sent to "the intervention room . . . for disrupting classroom instruction, disrespecting teaching [sic], and crawling around the floors in the hallway of the back building."[127]

During a May 7, 2012 psychological evaluation, Plaintiff indicated that A.W. is disruptive in class, will not sit still and "wanders in classroom."[128] Plaintiff noted that A.W. does not do well at school because she cannot stay still or concentrate.[129] During the psychological evaluation, A.W. also reported that she could not sit still during tests.[130] Further, at the administrative hearing, Plaintiff testified that A.W.'s teachers report that she cannot sit still in the classroom.[131]

The ALJ found that A.W. could focus on topics that interest her, including watching television and playing video games.[132] However, the ALJ did not consider the school records in determining whether A.W. can concentrate and focus on topics during school. As noted above, the regulations explain that the purpose of the "concentration, persistence, or pace" criteria is to "identify the child who cannot adequately function in primary school because of a mental

---

[125] *Id.* at 16–17.

[126] *Id.* at 192–94.

[127] *Id.* at 195.

[128] *Id.* at 156.

[129] *Id.*

[130] *Id.* at 161.

[131] *Id.* at 39.

[132] *Id.* at 17–18.

impairment."[133] Accordingly, the Court finds that the school records constitute substantial evidence to support a finding that A.W. has marked difficulties in concentration, persistence and pace.

This Court is not permitted to reweigh the evidence. However, absent some explanation from the ALJ to the contrary, Plaintiff appears to have met her burden of demonstrating that A.W. meets the listing requirements, and therefore her substantial rights were affected by the ALJ's failure to set out the bases for his decision to deny benefits on that ground. Accordingly, the Court will sustain Plaintiff's objection, and will remand this case to the ALJ pursuant to 42 U.S.C. § 405(g) for further consideration.

## V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **SUSTAINS** Plaintiff's objections to the Report and Recommendation and **REJECTS** the Magistrate Judge's recommendation;

**IT IS ORDERED** that the case is **REMANDED** to the ALJ pursuant to 42 U.S.C. § 405(g) for consideration of the record consistent with this Court's Order and Reasons.

**NEW ORLEANS, LOUISIANA**, on this __31st__ day of August, 2015.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[133] 20 C.F.R. § 404, Subpt. P, App. 1 § 112.00(C)(3).