UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASHLEY WASHINGTON o/b/o A.W.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-123** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER SOCIAL SECURITY ADMINISTRATION** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court are Plaintiff Ashley Washington's ("Plaintiff") first "Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act"[1] and her amended "Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act."[2] Plaintiff asserts that she is entitled to attorney's fees as a prevailing party under the Equal Access to Justice Act ("EAJA").

On January 16, 2014, Plaintiff filed a complaint against Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"), alleging that the Commissioner had improperly denied her claim on behalf of her daughter, A.W., for supplemental security income ("SSI") under Title II of the Social Security Act (the "Act").[3] The Magistrate Judge issued a Report and Recommendation to this Court on May 15, 2015, recommending that the Administrative Law Judge's ("ALJ") decision be affirmed.[4] After Plaintiff filed timely objections to the Report and Recommendation, the Court reviewed Plaintiff's objections *de novo* and, on September 1, 2015, declined to adopt the recommendation and remanded this matter

---

[1] Rec. Doc. 22.

[2] Rec. Doc. 24.

[3] Rec. Doc. 1.

[4] Rec. Doc. 18.

to the ALJ pursuant to 42 U.S.C. § 405(g) for further consideration of the record.[5]

Plaintiff filed her first "Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act" on October 5, 2015.[6] In her first motion, Plaintiff requested a total of $5,733.00 in attorney's fees, representing 30 hours of work at a rate of $191.10 per hour.[7] On October 19, 2015, the Commissioner filed an opposition to Plaintiff's motion.[8] The Commissioner did not dispute Plaintiff's entitlement to attorney's fees or the number of hours requested.[9] However, the Commissioner opposed "the requested hourly rate and the failure to include a statement itemizing the actual time expended and the rate at which fees and other expenses were computed."[10]

On November 23, 2015, Plaintiff filed her amended "Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act."[11] In her amended motion, Plaintiff requests a total of $5,250.00 in attorney's fees, representing 30 hours of work at a rate of $175.00 per hour.[12] In support of her motion, Plaintiff also included an itemized statement of the time expended on this case.[13] The Commissioner filed a response on December 1, 2015, asserting that "the Commissioner has no objection to Plaintiff's Amended Motion, and respectfully submits that Plaintiff is entitled

---

[5] Rec. Doc. 20.

[6] Rec. Doc. 22.

[7] Rec. Doc. 22-2 at 4.

[8] Rec. Doc. 23.

[9] *Id.* at 1.

[10] *Id.*

[11] Rec. Doc. 24.

[12] Rec. Doc. 24-1 at 3.

[13] Rec. Doc. 24-2.

to an award of attorney fees under the EAJA, 28 U.S.C. § 2412, that hours worked are reasonable, and that the requested hourly rate for attorney services of $175.00 per hour is reasonable."[14] The Commissioner noted that pursuant to the Supreme Court's decision in *Astrue v. Ratliff*, any award of EAJA fees must be made payable to Plaintiff and can under no circumstance be made payable to his counsel."[15]

Under the EAJA, the Court shall award to a prevailing party fees and other expenses incurred by that party in any civil action, including proceedings for judicial review of agency action, brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[16] Here, the Commissioner does not dispute that Plaintiff is a prevailing party entitled to attorney's fees under the EAJA. Moreover, the Commissioner does not oppose Plaintiff's amended request for $5,250.00 in attorney's fees, representing 30 hours of work at a rate of $175.00 per hour. Accordingly, the Court finds that the fee requested in Plaintiff's amended motion is appropriate.

In *Astrue v. Ratliff*, the Supreme Court held that "a § 2412(d) [EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States."[17] Following this binding precedent, the Court will award attorneys' fees payable to Plaintiff Ashley Washington.

For the foregoing reasons,

---

[14] Rec. Doc. 25.

[15] *Id.* (citing *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010)).

[16] 28 U.S.C. § 2412(d)(1)(A).

[17] 560 U.S. 586, 589 (2010).

**IT IS HEREBY ORDERED** that Plaintiff's amended "Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act."[18] is **GRANTED** and that Plaintiff Ashley Washington is awarded attorneys' fees in the amount of $5,250.00, representing 30 hours of time at a rate of $175.00 per hour.

**IT IS FURTHER ORDERED** that Plaintiff's first "Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act"[19] is **DENIED AS MOOT.**

**NEW ORLEANS, LOUISIANA,** this 11th day of December, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[18] Rec. Doc. 24.

[19] Rec. Doc. 22.